IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDERICK NEWHALL WOODS,    No. C 14-1936 CW

    Petitioner,

  v.

ELVIN VALENZUELA, Warden,

    Respondent.
_____/

JAMES SCHOENFELD,    No. C 14-2993 CW

    Petitioner,    ORDER DENYING
                  RESPONDENT'S
  v.                         MOTION TO DISMISS

ELVIN VALENZUELA, Warden,

    Respondent.
_____/

    Petitioners Frederick Newhall Woods and James Schoenfeld have each filed a petition for a writ of habeas corpus, challenging the most recent denial of parole in their respective cases. Respondent Elvin Valenzuela has filed identical motions to dismiss in these related habeas cases. Petitioners oppose the motions. Having considered the motions and the entire records in these cases, the Court DENIES the motions to dismiss. Case No. 14-1936, Docket No. 14; Case No. 14-2993, Docket No. 11.

## DISCUSSION

    Respondent argues that both petitions should be dismissed because, even if successful, the petitions will only result in a new parole hearing, which will not necessarily lead to immediate

or speedier release from confinement. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a consequence, challenges to prison conditions have traditionally been cognizable only by way of § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

Respondent argues that the Ninth Circuit has recently clarified that "habeas jurisdiction and section 1983 jurisdiction are in fact mutually exclusive of each other." Motion to Dismiss at 3 (citing Blair v. Martel, 645 F.3d 1151, 1157 (9th Cir. 2011)). In Blair, the Ninth Circuit held that "a request for an

2

order directing a state court to hasten its consideration of an appeal belongs in a § 1983 complaint, not a habeas petition" because such a claim does not necessarily spell speedier release. Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011). However, the Ninth Circuit earlier held that "when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute." Docken, 393 F.3d at 1031 (emphasis in original).

Although the three-judge panel in Blair relied on intervening Supreme Court cases, following Blair, the Ninth Circuit has reaffirmed the proposition that there are "instances where the same constitutional rights might be redressed under either" a habeas petition or a § 1983 complaint. Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2014) (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974). Thornton and Docken are more directly on point in this context. Moreover, other courts in this district have similarly held that claims challenging parole procedures are appropriately brought as habeas petitions. Nettles v. Grounds, 2013 WL 3967652, *2 (N.D. Cal.) (finding that where "Petitioner seeks the invalidation of state procedures used to deny parole suitability," claim "may be brought either in a petition for habeas relief or in a complaint under §1983"); Herrera v. Peck, 2013 WL 3286188, *2 (N.D. Cal.) (dismissing a § 1983 claim and instructing plaintiff he could file a habeas petition where "plaintiff attacks the validity of the parole hearing and his continued confinement, not the conditions of the confinement").

3

**United States District Court**
**For the Northern District of California**

CONCLUSION

Respondent's motions to dismiss the petitions for writs of habeas corpus are DENIED. Case No. 14-1936, Docket No. 14; Case No. 14-2993, Docket No. 11. The Court hereby issues the following orders in each of the above captioned cases:

1. Respondent shall file with this Court and serve upon Petitioner in each case, within twenty-eight (28) days of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

2. If a Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within twenty-eight (28) days of his receipt of the answer.

IT IS SO ORDERED.

Dated: November 21, 2014

CLAUDIA WILKEN
United States District Judge