IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK NEWHALL WOODS, | No. C 14-1936 CW |
| Petitioner, | ORDER DENYING MOTION FOR EVIDENTIARY HEARING (Docket No. 20); DENYING MOTION FOR ORAL ARGUMENT (Docket No. 21); DENYING PETITION FOR WRIT OF HABEAS CORPUS (Docket No. 1) |
| v. | |
| ELVIN VALENZUELA, Warden, | |
| Respondent. | |

_____/

Petitioner Frederick Newhall Woods, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition, Petitioner moves for an evidentiary hearing and oral argument on his petition. Petitioner claims he was denied parole by a parole hearing panel chaired by a commissioner with an undisclosed, disqualifying conflict of interest, in violation of his due process right to an impartial decisionmaker. Respondent Elvin Valenzuela opposes the petition. Petitioner filed a traverse. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies the petition.

BACKGROUND

In July 1976, Petitioner hijacked a school bus, kidnapping the driver and twenty-six children. Petitioner plead guilty to twenty-seven separate counts of kidnapping for ransom; he initially received concurrent sentences of life imprisonment without the possibility of parole on each count, but this was

United States District Court
For the Northern District of California

modified on appeal to reflect a life sentence with the possibility of parole.

Petitioner's most recent parole hearing was held on November 28, 2012, at the prison where he is in custody, the California Men's Colony in San Luis Obispo, California.  That hearing was conducted by a two-person panel, with Jeffrey Ferguson as presiding commissioner and D.H. McBean as deputy commissioner.  A representative from the Alameda County District Attorney's Office appeared at the hearing to oppose Petitioner's parole.  At the conclusion of the hearing, the panel denied Petitioner parole.

At some time after the hearing, Mr. Ferguson took a position as an investigator for the Alameda County District Attorney's Office.  Petitioner alleges that Mr. Ferguson made his application for this position several months before Petitioner's parole hearing, and argues that Mr. Ferguson's failure to recuse or at least to disclose this potential conflict of interest denied him his due process right to a hearing before an unbiased adjudicator.

In response to the Board's decision, Petitioner sought, but was denied, relief on state collateral review.[1]  This federal habeas petition followed.

STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state's adjudication of the claims: "(1) resulted

_____

[1] His petition was denied by California Superior Court and the California Court of Appeal; the California Supreme Court denied his petition for review.  In re Woods, 2014 Cal. LEXIS 2881 (2014).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts in the prisoner's case."  Id. at 413.  The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is the holdings of the Supreme Court as of the time of the relevant state court decision.  Id. at 412.  Although only Supreme Court precedents are binding on the state courts and only those holdings need to be reasonably applied, circuit law may be persuasive authority in analyzing whether a state court unreasonably applied Supreme Court authority.  Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir. 2003).

To determine whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established law, a federal court looks to the decision of the

3

United States District Court
For the Northern District of California

highest state court that addressed the merits of a petitioner's claim in a reasoned decision.  LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000).[2]

DISCUSSION

Here, Petitioner has not demonstrated even that there is "clearly established Federal law, as determined by the Supreme Court of the United States," much less that the state court's reasoned opinion is contrary to or an unreasonable application of such clearly established United States Supreme Court law.

The Due Process Clause establishes the right to an impartial and disinterested tribunal.  Withrow v. Larkin, 421 U.S. 35, 46 (1975).  However, members of a tribunal are presumed to act with honesty and integrity.  Id. at 47; Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995).  To overcome this presumption, a petitioner "must show that the adjudicator has prejudged, or reasonably appears to have prejudged, an issue." Stivers, 71 F.3d at 741.

---

[2] Petitioner argues that the California Court of Appeal did not adjudicate the merits of his federal claim, and, therefore, that this Court should consider his claim de novo.  The Court is not persuaded.

"When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits--but that presumption can, in some circumstances, be rebutted." Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013).  One circumstance under which the presumption may be rebutted is where the state standard provides less protection than the federal standard.  Id. Petitioner provides neither argument nor authority suggesting that the standard under California law for determining whether an inmate's due process right to an impartial adjudicator in a parole hearing provides less protection than does federal law; in fact, as set forth below, this Court finds that the standard applied by the California court comports with federal law.  As a result, this Court finds no reason to reject the presumption that the California court adjudicated Petitioner's federal claim, and, therefore, no reason to conduct a de novo review.

4

First, there is no clearly established United States Supreme Court precedent on this question, because the Court "ha[s] not considered the question of whether a decision of a multimember tribunal must be vacated because of the participation of one member who had an interest in the outcome of the case." Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 827 (1986);[3] Stivers, 71 F.3d at 746-47 ("Neither this court nor the Supreme Court has addressed whether bias on the part of one member of a multi-person tribunal violates due process, without any showing that that member's bias affected the tribunal's decision."). Where, as here, the question before the Court is one that the Supreme Court expressly declined to answer, there is no clearly established Supreme Court precedent. Meras v. Sisto, 676 F.3d 1184, 1188-90 (9th Cir. 2012).

Petitioner argues that the Supreme Court's more recent decision in Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868 (2009), controls. Caperton concerned whether a state supreme court justice must recuse when the circumstances of his election call into question his ability to decide a particular case impartially. Id. However, the Caperton court was presented with a factual scenario it described as "extreme by any measure," resulting in "an extraordinary situation where the Constitution requires recusal." Id. at 887. In light of those extraordinary facts, Caperton merely applied the existing rule that "there are objective standards that require recusal when 'the probability of

---

[3] In fact, in Lavoie the Court expressly declined to address this question. 475 U.S. at 827 n.4.

actual bias on the part of the judge or decisionmaker is too high
to be constitutionally tolerable.'"  Id. at 872 (quoting Withrow,
421 U.S. at 35).  No such extraordinary facts exist in this case.

     In addition, the decision of California Court of Appeal
denying Petitioner's claim for habeas relief was neither contrary
to, nor an unreasonable application of, federal law.  The opinion
of the California Court of Appeal reads, in its entirety:

> Having reviewed the petition and accompanying
> exhibits, the Attorney General's informal
> response and petitioner's reply, we conclude the
> record discloses "some evidence" supporting the
> Board of Parole's determination that petitioner
> would "pose a danger to the public interest if
> released on parole.  [Citations.]"  (In re
> Shaputis (2011) 53 Cal. 4th 192, 214.)
>
> We also reject petitioner's due process claim
> based on the allegation one of the two
> Commissioners who presided at the parole hearing
> did not disclose he had submitted an employment
> application to the District Attorney's Office
> with which the prosecuting attorney who appeared
> at the hearing and argued against the grant of
> parole is employed.  A party claiming a parole
> hearing panel is not impartial must demonstrate
> "individualized prejudice"--i.e., show panel
> members "have specific prejudice . . . against
> the particular prisoner."  (Hornung v. Superior
> Court (2000) 81 Cal. App. 4th 1095, 1100; see
> also Cal. Code Regs., tit. 14, § 2250,
> subd. (a)(3) [disqualification of hearing panel
> member requires actual prejudice or bias "to the
> extent that [panel member] cannot make an
> objective decision"]; Southern Cal. Underground
> Contractors, Inc. v. City of San Diego (2003) 108
> Cal. App. 4th 533, 549 ["a party claiming that
> the decision maker was biased must show actual
> bias, rather than the appearance of bias, to
> establish a fair hearing violation"].)
> Petitioner has not made a prima facie showing of
> actual, specific prejudice against him.
>
> The petition for writ of habeas corpus is denied.

United States District Court
For the Northern District of California

6

<u>In re Woods</u>, No. A140539, slip op. (Feb. 6, 2014) (Docket No. 1-1, at 438).

Petitioner argues that the state court erred by applying an actual prejudice standard when <u>Caperton</u> does not require such a showing.  As noted above, the extraordinary factual circumstances of <u>Caperton</u> are not present in this case.  In addition, this Court has previously held that "federal habeas relief is limited to those instances where there is proof of actual bias, or of a possible temptation so severe that one might presume an actual, substantial incentive to be biased."  <u>Smart v. Harrington</u>, 2011 U.S. Dist. LEXIS 116437, at *45 (N.D. Cal. 2011) (citing <u>Del Vecchio v. Illinois Dep't of Corr.</u>, 31 F.3d 1363, 1380 (7th Cir. 1994) (en banc)).  The Court finds no such circumstances in the present case.

"The Due Process Clause demarks only the outer boundaries of judicial disqualifications."  <u>Lavoie</u>, 475 U.S. at 828.  Petitioner's situation does not lie at the "outer boundaries," and therefore, it does not implicate the Due Process Clause.

CONCLUSION

Petitioner's Motion for an Evidentiary Hearing (Docket No. 20) is denied as unnecessary.  An evidentiary hearing is not required unless Petitioner offers specific allegations that, if proven, would demonstrate entitlement to relief.  <u>Smith v. Mahoney</u>, 611 F.3d 978, 998 (9th Cir. 2010).  Petitioner offered no such allegations here.  Petitioner's Motion for Oral Argument (Docket No. 21) is also denied as unnecessary.

For the foregoing reasons, the state court's adjudication of Petitioner's claims did not result in a decision that was contrary

United States District Court
For the Northern District of California

to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the Court DENIES the Petition for Writ of Habeas Corpus (Docket No. 1).

Further, a certificate of appealability is DENIED. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals. The Clerk of the Court shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: February 19, 2015

CLAUDIA WILKEN
United States District Judge