IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK NEWHALL WOODS,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER SHAFFER, EXECUTIVE OFFICER OF THE CALIFORNIA BOARD OF PAROLE HEARINGS<br><br>Defendant.[1] | Case No. 14-cv-01936-CW<br><br>ORDER GRANTING MOTION TO STRIKE<br><br>(Dkt. No. 55) |

Plaintiff Frederick Newhall Woods, a state prisoner, has moved, pursuant to Federal Rule of Civil Procedure 12(f), to strike all but one of the affirmative defenses pled by Defendant Jennifer Shaffer, the Executive Officer of the California Board of Parole Hearings (BPH). The Court is in receipt of Defendant's response and Plaintiff's reply. The Court GRANTS the motion for the reasons below.

## BACKGROUND

Plaintiff initially filed a federal habeas petition in this case. The Court denied Plaintiff's petition, and Plaintiff appealed. The Ninth Circuit vacated and remanded, holding that Plaintiff's claim sounds in 42 U.S.C. § 1983 rather than habeas and that Plaintiff should be afforded leave to amend his petition to assert his claim under § 1983. Plaintiff subsequently filed an amended complaint, converting his petition to a § 1983 action

---

[1] The Court ORDERS the case name changed from "Frederick Newhall Woods v. Elvin Valenzuela" to "Frederick Newhall Woods v. Jennifer Shaffer, Executive Officer of the California Board of Parole Hearings."

in accordance with the Ninth Circuit's memorandum disposition and mandate. Plaintiff seeks declaratory and injunctive relief to remedy an alleged violation of his Fourteenth Amendment due process rights and to prevent future violations of the same nature. Specifically, Plaintiff alleges that Defendant's actions, practices and policies allowed Jeffrey Ferguson—who had a pecuniary interest in denying Plaintiff parole—to preside over Plaintiff's 2012 parole consideration hearing and adjudicate his parole application. Plaintiff's 2012 parole application was denied.

LEGAL STANDARD

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

While the Ninth Circuit has not ruled on this issue, this Court has held that an affirmative defense is insufficient if it fails to meet the heightened pleading standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Powertech Tech., Inc. v. Tessera, Inc., No. 10-cv-945-CW, 2012 WL 1746848, at *5 (N.D. Cal. May 16, 2012).

A defense is also insufficient if "there are no questions of fact," "any questions of law are clear and not in dispute," and "under no set of circumstances could the defense succeed." Securities & Exchange Comm'n v. Sands, 902 F. Supp. 1149, 1165

(C.D. Cal. 1995) (internal quotation marks and citations omitted).

Otherwise, matter is immaterial if it has no essential or important relationship to the claim for relief pled. Fantasy, Inc., 984 F.2d at 1527. Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. Id.

Motions to strike are disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." Cruz v. Bank of N.Y. Mellon, No. 12-cv-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012). If a defense is struck, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." Wyshak v. City Nat. Bank, 607 F.2d 824, 826 (9th Cir. 1979).

## ANALYSIS

Plaintiff moves to strike affirmative defenses one, four through seven, and ten through nineteen without leave to amend,

3

1 and affirmative defenses two, three, and eight with leave to
2 amend.  Defendant does not oppose Plaintiff's motion as to
3 affirmative defenses one through eight, fourteen, fifteen, and
4 nineteen.  Accordingly, the Court STRIKES with leave to amend
5 affirmative defenses two, three, and eight, and STRIKES without
6 leave to amend affirmative defenses one, four through seven,
7 fourteen, fifteen, and nineteen.

The Court addresses Plaintiff's motion as to those affirmative defenses that remain at issue: ten through thirteen and sixteen through eighteen.

Affirmative defense ten states: "Defendant is not vicariously liable for any act or omission of any other person, including Ferguson, by way of respondeat superior or otherwise." Docket No. 54 at 5.  Plaintiff correctly argues that this defense is immaterial and impertinent.  The operative Third Amended Complaint (3AC) does not allege that Defendant is vicariously liable, nor could it.  See Peralta v. Dillard, 744 F.3d 1076, 1085 (9th Cir. 2014) (holding that supervisors are liable "for their own conduct" only in the § 1983 context).  This affirmative defense is unnecessary.  Accordingly, the Court STRIKES affirmative defense ten without leave to amend.

Affirmative defense eleven states: "Plaintiff's request for declaratory judgment is not cognizable under § 1983 because a declaratory judgment would necessarily imply the invalidity of Plaintiff's November 2012 parole-consideration hearing."  Docket No. 54 at 5.  Plaintiff correctly argues that this defense is insufficient as a matter of law.  The declaratory judgment that the 3AC seeks would dictate that:

4

> (a) [BPH]'s policy, custom, and practice of permitting its commissioners to adjudicate parole applications when they have personal, direct, and substantial pecuniary interest in denying parole violates the Fourteenth Amendment of the United States Constitution; (b) 15 C.C.R. § 2250 is inconsistent with the requirements of the United States Constitution to the extent that it fails to require the disqualification of a parole decisionmaker if he or she has a direct, personal, and substantial pecuniary interest in the outcome of the parole decision; and (c) defendant's actions complained of herein violated plaintiff's right to a fair and impartial adjudicator under the Fourteenth Amendment of the United States Constitution[.]

3AC at 9, Docket No. 50.

Defendant's reliance on Heck v. Humphrey, 512 U.S. 477 (1994), to support the sufficiency of her defense is unavailing. Heck is not concerned with the validity of parole consideration hearings. Heck held that a § 1983 plaintiff must prove that his or her conviction or sentence was reversed, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus before he or she can "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . ." Id. at 486–87 (footnote omitted). However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. at 487 (footnotes omitted and emphasis in original).

Here, Plaintiff's action, if successful, will not invalidate or cause to be invalidated Plaintiff's conviction or imprisonment. The 3AC is consistent with the Ninth Circuit's

memorandum disposition holding that Plaintiff's claim falls outside "'the core of habeas corpus' and is therefore not cognizable in habeas." 9th Cir. Mem. Disp. at 3, Docket No. 29 (quoting Nettles v. Grounds, 830 F.3d 922, 931, 935 (9th Cir. 2016) (en banc)). The Ninth Circuit explained that "a favorable judgment would not necessarily result in earlier release" because the ultimate relief Plaintiff seeks through his petition is "'a new parole hearing at which . . . parole authorities may, in their discretion, decline to shorten his prison term.'" Id. at 4 (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Accordingly, the Court STRIKES affirmative defense eleven without leave to amend.

Affirmative defense twelve states: "Plaintiff's request for an injunction vacating Plaintiff's 2012 parole denial is not cognizable under § 1983 because it would necessarily imply the invalidity of Plaintiff's 2012 parole-consideration hearing." Docket No. 54 at 5. Plaintiff correctly argues that this defense fails as a matter of law. The 3AC seeks an injunction:

> (1) enjoining and prohibiting the enforcement of 15 C.C.R. § 2250 when it is applied to permit the Board to adjudicate the parole suitability of a California inmate through a commissioner with a direct, personal, and substantial pecuniary interest in the outcome of the suitability adjudication; and (2) ordering defendant to vacate Woods' 2012 parole denial and to schedule a new and fair parole consideration hearing before an unbiased adjudicator within 30 days of the finality of the Court's decision[.]

3AC at 9.

Defendant's reliance on Heck to support the sufficiency of her defense fails for the same reason that it failed in relation to affirmative defense eleven. Edwards v. Balisok, on which

6

Defendant also relies to support the sufficiency of her defense, is similarly inapposite. 520 U.S. 641 (1997). There, the United States Supreme Court held that a prisoner's action was not cognizable under § 1983 because his challenge to procedures used in his disciplinary hearing necessarily implied the invalidity of his conviction or sentence. Id. at 645–47. The same is not true here as explained in the Ninth Circuit's memorandum disposition. See 9th Cir. Mem. Disp. at 3–4. Accordingly, the Court STRIKES affirmative defense twelve without leave to amend.

Affirmative defense thirteen states: "Plaintiff's request for a permanent injunction violates the Prison Litigation Reform Act because it is not narrowly drawn, extends further than necessary, and is not the least intrusive means necessary to correct any alleged harm." Docket No. 54 at 5.

Plaintiff argues that "an objection to the scope of the injunction sought is not an affirmative defense," but rather "a negative." Docket No. 57 at 5. Neither party cites a case in which the Ninth Circuit held that an objection to the scope of an injunction sought is a valid affirmative defense, and the Court is aware of none. Should this case proceed to the remedies phase, Defendant may raise her objection to the scope of the injunction then. Defendant's objection is misplaced in an answer. Accordingly, the Court STRIKES affirmative defense thirteen without leave to amend.

Affirmative defense sixteen states: "Plaintiff's request for a declaratory judgment that Defendant's actions violated his Fourteenth Amendment rights is barred by the Eleventh Amendment." Docket No. 54 at 5. Plaintiff correctly argues that this defense

7

fails as a matter of law.  Defendant's reliance on <u>Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.</u> to support the sufficiency of her defense is unavailing.  506 U.S. 139 (1993).  <u>Metcalf</u> concluded that the doctrine in <u>Ex parte Young</u>, 209 U.S. 123 (1908), applies "only to prospective relief" and "does not permit judgments against state officers declaring that they violated federal law in the past."  <u>Metcalf</u>, 506 U.S. at 146 (internal citation omitted).  To support this proposition, <u>Metcalf</u> cites <u>Green v. Mansour</u>, 474 U.S. 64 (1985).  There, the petitioners had brought class actions claiming that the respondent's calculations of benefits under an aid program violated federal law.  <u>Id.</u> at 64.  The petitioners sought declaratory and notice relief "related solely to past violations of federal law," which had subsequently changed.  <u>Id.</u> at 67.  The United States Supreme Court determined that declaratory judgment was improper because there was (1) "no claimed continuing violation of federal law, and therefore no occasion to issue an injunction," and (2) no "threat of state officials violating the repealed law in the future."  <u>Id.</u> at 73.  The Court determined that "the issuance of a declaratory judgment in these circumstances would have much the same effect as a full-fledged award of damages or restitution by the federal court, the latter kinds of relief being of course prohibited by the Eleventh Amendment."  <u>Id.</u>  The same is not true here.  Plaintiff claims a continuing violation of the Fourteenth Amendment, <u>see</u> 9th Cir. Mem. Disp. at 3 (holding that Plaintiff's "alleged due process violation in the 2012 proceeding inflicts a continuing harm"); Defendant may in the future violate Plaintiff's constitutional

rights in the same fashion complained of; and the declaratory judgment sought would not entitle Plaintiff to an award of damages or restitution, nor does Plaintiff seek such relief. Accordingly, the Court STRIKES affirmative defense sixteen without leave to amend.

Affirmative defense seventeen states: "Plaintiff's request for an injunction ordering Defendant to vacate Plaintiff's 2012 parole denial is barred by the Eleventh Amendment." Docket No. 54 at 5. Plaintiff correctly argues that this defense fails as a matter of law. Defendant's arguments that the injunction sought is impermissibly retroactive and that Plaintiff's continued incarceration is the result of his 2015 parole denial run directly counter to the Ninth Circuit's memorandum disposition, which states:

> Woods received a 2015 parole hearing and was again denied parole. But the sole reason the 2015 parole hearing occurred was that Woods was denied parole in 2012 based on a process he alleges was constitutionally deficient; the 2012 denial made Woods' continued incarceration possible, and it is the ongoing injury from that <u>particular</u> proceeding that Woods seeks to remedy. So long as Woods is incarcerated, he will continue to experience the effects of the 2012 denial and any constitutional injuries he suffered.

9th Cir. Mem. Disp. at 3 (emphasis in original). Accordingly, the Court STRIKES affirmative defense seventeen without leave to amend.

Affirmative defense eighteen states: "The Eleventh Amendment bars Plaintiff from any relief, except prospective relief." Docket No. 54 at 5-6. Plaintiff correctly argues that this defense fails as a matter of law. Defendant counters in conclusory fashion that "Plaintiff requests retroactive relief."

9

Docket No. 56 at 5.  The relief Plaintiff seeks "serve[s] the purpose of preventing present and future harm" and cannot be "characterized solely as retroactive."  Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007); see 9th Cir. Mem. Disp. at 3.  Accordingly, the Court STRIKES affirmative defense eighteen without leave to amend.

CONCLUSION

In conclusion, the Court GRANTS Plaintiff's motion to strike.  Defendant may file an amended answer within fourteen days of this Order's issuance, if she can remedy the deficiencies in affirmative defenses two, three and eight.  A dispositive motion hearing and further case management conference is set for May 7, 2019, at 2:30 p.m.  The parties shall file a case management statement one week prior to the setting.  A final pretrial conference is set for August 6, 2019, at 2:30 p.m., and a two-day bench trial will begin at 8:30 a.m. on August 19, 2019.

IT IS SO ORDERED.

Dated: December 7, 2018

CLAUDIA WILKEN
United States District Judge